IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID | § | |
|    TDCJ-CID #648558 | § | |
| | § | |
| VS. | § | C.A. NO. C-04-673 |
| | § | |
| HOWARD HILL, ET AL. | § | |

**ORDER DISMISSING CERTAIN CLAIMS
AND DEFENDANTS AND RETAINING CASE**

     This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Congress enacted the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), which mandates that any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

     Applying these standards, the Court retains on its docket plaintiff's claims against Officer Hill alleging retaliation and deliberate indifference to health and safety, and his failure to protect claim against Major Wallace. Plaintiff's remaining claims against the remaining defendants are dismissed for failure to state a claim for the reasons set forth below.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the parties, (D.E. 43, 45), this case was referred to the undersigned magistrate judge to conduct all further proceedings, including entry of final judgment. 28 U.S.C. § 636(c)(3). See (D.E. 47).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Michael Unit in Tennessee Colony, Texas, although his complaint concerns events that occurred at the McConnell Unit in Beeville, Texas. In this action, plaintiff complains that certain McConnell Unit officials and employees harassed and retaliated against him because he refused to be a prison informant or "snitch," and that certain officials knew of this harassment and retaliation, but failed to protect him. He also claims that the retaliation was done in deliberate indifference to his health and safety. He is suing Officer Howard Hill, Major Darren Wallace, Warden William Stephens, Captain Rene Maldonado, Assistant Warden Alfonso Castillo, and Ms. Susan Poole, an investigator with the Office of the Inspector General ("OIG"). The following allegations were made in plaintiff's original complaint, (D.E. 1), and at the October 3, 2005 Spears[1] hearing.

On December 3, 2003, Officer Hill came to plaintiff's cell and requested that he work as a prison informant in an ongoing investigation of illicit prison activities, including drug and tobacco trafficking, involving both inmates and staff. Officer Hill knew that plaintiff had worked as an informant in the past, and that plaintiff's information had been helpful in other operations.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

Plaintiff told Officer Hill that he was not interested in working as an informant. In response, Officer Hill ordered a strip search of plaintiff, and forced him to kneel and bend, against plaintiff's medical restrictions. Plaintiff advised Officer Hill that he could not bend, but Officer Hill threatened plaintiff. He attempted to bend as ordered, but fell to the ground on his knees. Officer Hill cursed him, and then ordered him to remove all items from his cell locker. Plaintiff got his property, and then began experiencing chest pains. He asked that he be allowed to take his prescribed Nitroglycerin medication for his heart, but Officer Hill refused, and then told him to "get your ass to Building #1." Officer Hill then walked away and plaintiff took his medication. Plaintiff's chest pain continued, and he had to take two more Nitroglycerin pills.

After lying on his bunk for a short time, plaintiff went to Building Number One as instructed. There, Officer Hill again told plaintiff that he wanted him to be his informant. Officer Hill instructed him to report to OIG Investigator Poole and told him that he better "make her happy." Because of Officer Hill's threats, plaintiff agreed to be an informant. He gave Officer Hill and Ms. Poole several names of gang members and the names and addresses of "outside" persons trafficking drugs into the prison.

On February 3, 2004, Officer Hill told plaintiff that he was failing "to give up staff," and that he intended to place him in lock-up. On that same day, Officer Hill and Ms. Poole moved him to Building Number Eleven, placing him first, in cell number one, a transient cell, and then in cell number nine, a solitary cell located on the second floor. Plaintiff remained in the solitary cell for 55 days without a disciplinary hearing "under the guise of transient status."

On March 18, 2004, Officer Hill wrote plaintiff a disciplinary case for possession of contraband (tobacco) that was allegedly found hidden in plaintiff's toilet. A disciplinary hearing was held on March 30, 2004, at which Captain Maldonado presided. Plaintiff claimed that Officer

3

Hill planted the tobacco in his cell. Officer Ortega (not a defendant) testified that the contraband could not have been plaintiff's because, prior to Officer Hill finding the tobacco, he had flushed plaintiff's toilet and then escorted plaintiff out of the cell. Despite Officer Ortega's testimony, plaintiff was found guilty, and received thirty days commissary and recreation restriction, a reduction in line class, and the loss of thirty days good time credits. Plaintiff appealed the decision, and on April 24, 2004, Warden Kennedy granted plaintiff's appeal and reversed the decision.

On March 24, 2004, Major Wallace wrote plaintiff a disciplinary case for possession of one marijuana cigarette. A hearing was held on March 26, 2005, at which Captain Maldonado again presided. Plaintiff was found guilty, and received thirty days commissary and recreation restriction, fifteen days solitary confinement, a reduction in line class, and the loss of 180 days good time credits. Plaintiff appealed, arguing that he had *found* the marijuana in his cell after Officer Hill had been in it, and then brought it to Major Wallace for disposal. On April 19, 2004, Warden Castillo denied plaintiff's step 1 grievance. On May 18, 2004, his step 2 grievance was denied.

On March 30, 2004, Officer Hill wrote plaintiff a disciplinary case for attempting to extort $3,650 from a visitor, Ronald Dice. At that time, he also "froze" plaintiff's inmate trust fund account. A hearing was held on April 5, 2004, at which Captain Maldonado presided. Plaintiff was found guilty, and received 45 days commissary and recreation restriction and the loss of 60 days good time credit. Plaintiff filed a step 1 grievance asking that the reviewing officer consider Mr. Dice's affidavit in which he denied that plaintiff had attempted to extort money from him. In addition, Mr. Dice denied having ever spoken to Officer Hill. On May 18, 2005, Warden Castillo denied plaintiff's step 1 appeal. He then filed a step 2 appeal and included a letter from Ms.

Poole stating that the affidavit from Mr. Dice had been in her possession and that she apologized it was not available for his disciplinary hearing. On June 14, 2004, plaintiff's step 2 appeal was denied. The reviewing official found no evidence that the disciplinary case was given in retaliation because he refused to be an informant.

While plaintiff was in solitary confinement, Officer Hill would come to his cell and demand that plaintiff "give up" corrupt McConnell unit employees. During these visits, Officer Hill would verbally abuse plaintiff and threaten him with bodily harm. In addition, Officer Hill would inspect plaintiff's ingoing and outgoing mail, even though he was not authorized to do so. Plaintiff also complains that, while housed in Building Number Eleven, cell number nine, he was forced to walk up and down stairs in violation of his medical restrictions. He also claims that his placement in solitary confinement was done as punishment for not being an informant, and that he did not have a classification hearing as required by prison rules for 55 days. He further asserts that during this time, Officer Hill seized his personal property, including his legal materials and medical records, and withheld them for ninety days. Plaintiff testified that, prior to Officer Hill and Ms. Poole demanding that he act as an informant, his classification was minimum custody, and he had been free of disciplinary problems for three years.

Plaintiff filed suit on December 20, 2004. (D.E. 1). He claims that Officer Hill acted with deliberate indifference to his health and safety when he repeatedly threatened and abused him in an attempt to coerce him to be an informant. Plaintiff reports that he is fifty years old and suffers from heart disease, hypertension, degenerative spine disorder, and ulcerative colitis, and that he has fourteen medical restrictions ordered by three prison physicians. He asserts that Officer Hill was aware of his medical restrictions, and either used them to his advantage to inflict pain on plaintiff, or recklessly disregarded them. He also claims that Officer Hill retaliated against and harassed

him because he refused to be an informant or was not supplying enough information.

Plaintiff alleges that Major Wallace, Officer Hill's supervisor, participated in the retaliation when Major Wallace filed the false disciplinary case against plaintiff concerning the marijuana cigarette. He also claims that Major Wallace knew of Officer Hill's abuses of plaintiff, but did nothing to protect him. Finally, he also alleges that his failure to protect him amounts to participating in the retaliation.

Similarly, plaintiff alleges that Warden Castillo and Warden Stephens were both aware of Officer Hill's abusive conduct toward plaintiff, but failed to protect him.

Plaintiff claims that Captain Maldonado participated in the retaliation by finding plaintiff guilty on the disciplinary cases. He claims that Ms. Poole participated in retaliatory conduct because she did not dissuade Officer Hill from using such tactics to coerce plaintiff to participate in the investigation.

Plaintiff seeks a declaratory judgment that defendants violated his constitutional rights, damages for his physical and mental pain and suffering, and requests that his minimum custody status be restored.

On July 29, 2005, defendants filed a motion for judgment on the pleadings, (D.E. 34), arguing that plaintiff had failed to state a claim of retaliation because he had failed to identify what constitutional right he was exercising that motivated defendants to retaliate against him. Defendants did not address plaintiff's Eighth Amendment deliberate indifference claims.

### III. DISCUSSION

It is well established that, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."

West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint, however, must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id.

**A.     Retaliation.**

Plaintiff alleges that defendants engaged in retaliatory conduct against him (including filing false disciplinary charges against him, riffling through his mail, taking his property, and holding him in solitary confinement), or condoned such retaliatory acts, because he failed to work as a snitch in a prison investigation. He claims that Captain Maldonado and Warden Stephens were motivated to retaliate against him because he was a writ writer and had "snitched" on prison officials in the past. Finally, he asserts that Warden Castillo was motivated to retaliate against him, in part, because in 1985, plaintiff's information had lead to the firing of an officer under Warden Castillo's charge.

The Fifth Circuit has established that "[t]o prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). Moreover, the inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are insufficient. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The Fifth Circuit has held that "[t]he inmate must produce direct evidence of motivation or, the more

7

probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Id. (citation omitted).  Causation requires an inmate to show that but for the retaliatory motive the adverse action would not have occurred.  McDonald, 132 F.3d at 231.

In their motion for judgment on the pleadings, (D.E. 34), defendants argue that plaintiff has failed to identify a constitutional right that he was exercising that motivated the alleged retaliatory conduct by defendants.  Without citing any authority, defendants argue that an inmate has no constitutional right to avoid being asked and pressured to participate in a prison investigation.  The Court disagrees.

Courts have long recognized that being labeled a "snitch" in the prison environment can indeed pose a threat to an inmate's health and safety in violation of the Eighth Amendment.  See United States v. Henderson, 565 F.2d 900, 905 (5th Cir. 1978) ("the life of a 'snitch' in a penitentiary is not very healthy"); see also Comstock v. McCrary, 273 F.3d 693, 699 n.2 (6th Cir. 2001) (noting that prisoner labeled a snitch could become a target for other prisoners' attacks); Northington v. Marin, 102 F.3d 1564, 1567-68 (10th Cir. 1996) (affirming award of § 1983 damages where sheriff deputy spread rumor that plaintiff was snitch, and plaintiff was subsequently assaulted by other inmates for that reason); Miller v. Leathers, 913 F.2d 1085, 1088 n.* (4th Cir. 1990) (en banc) ("It is impossible to minimize the possible consequences to a prisoner of being labeled a 'snitch.'"); Valandingham v. Bojoquez, 866 F.2d 1135, 1139 (9th Cir. 1989) (whether or not guards called inmate a snitch was material to a § 1983 Eighth Amendment claim); Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam) (allegations that prison officials' labeling of inmate as snitch exposed him to inmate retaliation survive a motion to dismiss); Bruns v. Halford, 913 F. Supp. 1295, 1299-300 (N.D. Iowa 1996) (inmate's cooperation in prison investigation could constitute threat to inmate's life).  Because being labeled a snitch

could place an inmate's life in danger, it follows that he would have a protected liberty interest in not being labeled one. Indeed, the Fifth Circuit has stated that, when officials are aware of a danger to an inmate's health and safety, such as when an inmate participates in an official prison investigation, it violates the constitutional prohibition against cruel and unusual punishment to fail to afford that inmate reasonable protection. Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).

Plaintiff's claim is a logical extension of failure to protect case law: that he not be forced to participate in activities that place his life in danger. As such, for purposes of § 1915A screening, the Court assumes without deciding that plaintiff has a constitutional right to not participate in a prison investigation, and that plaintiff has satisfied the first McDonald prong (a specific constitutional right). See Jackson v. Johnson, 15 F. Supp.2d 341, 364 (S.D.N.Y. 1998) (assuming without deciding that inmate has a constitutional right not to snitch).

Plaintiff must next establish a chronology of events from which retaliation can be inferred, and also, that but for the retaliatory motive, the adverse action would not have occurred. McDonald, 132 F.3d at 231; Woods, 60 F.3d at 1166. As to Officer Hill, such a chronology of events is readily evident from the facts of this case. On the very day plaintiff stated that he did not want to be a snitch, Officer Hill verbally threatened him, forced him to strip and be subjected to a body cavity search, pushed him over, and denied him his medication. While in solitary confinement, Officer Hill repeatedly came to plaintiff's cell and threatened him with physical abuse for failing to provide names of prison employees involved in the drug trafficking. He also riffled through plaintiff's mail and took possession of his property. In a twelve-day period, he filed two grievances against plaintiff. Although mere harassment or verbal abuse alone does not state a constitutional violation, Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir. 1993), actions

9

done in retaliation for the exercise of a constitutional right are actionable. Woods, 60 F.3d at 1164 (action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate). Plaintiff has stated a claim of retaliation against Officer Hill, and the Court retains this claim on its docket.

As to plaintiff's claims of retaliation against the other defendants, plaintiff fails to state a claim upon which relief can be granted. He asserts that Major Wallace participated in the retaliation by filing a false disciplinary case against him, and that he filed the false case because he was Officer Hill's supervisor. The filing of a single disciplinary case against plaintiff does not establish a chronology of events from which retaliation could possibly be inferred. Woods, 60 F.3d at 1164. Moreover, the mere fact that Major Wallace was Officer Hill's supervisor fails to allege personal involvement, a prerequisite for § 1983 liability. See Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability). Plaintiff's retaliation claim against Major Wallace is dismissed.

Similarly, plaintiff asserts that Captain Maldonado retaliated against him by finding him guilty on the false disciplinary charges and that his motivation was because plaintiff is a writ writer. However, the Fifth Circuit has determined that such "secondary litigation activity" does not comprise the basis of a retaliation claim. See Johnson, 110 F.3d at 310. Plaintiff's retaliation claim against Captain Maldonado is dismissed.

Plaintiff claims that Warden Castillo and Warden Stephens effectively retaliated against him because they failed to stop Officer Hill's harassment. He further asserts the basis for Warden Castillo's retaliation was plaintiff's acting as an informant in 1985, which lead to the dismissal of an officer working under Warden Castillo, who was a captain at the time. He asserts that Officer

Stephens retaliated against him because he is a writ writer.  His allegations, however, fail to establish any personal involvement by either Warden Castillo or Warden Stephens.  Instead, his claim is an attempt to hold these supervisors liable for the conduct of Officer Hill.  Such liability does not exist under § 1983.  Thompson, 245 F.3d at 459.  Moreover, the alleged motivation for Warden Castillo, a single event in 1985, is too remote in time to support plaintiff's claims.  Finally, the fact that plaintiff is a writ writer does not provide a motive for Warden Stephens.  Johnson, 110 F.3d at 310.  Plaintiff's retaliation claims against Warden Stephens and Warden Castillo are dismissed.

Finally, plaintiff claims that Ms. Poole retaliated against him for failing to be a snitch.  Plaintiff, however, fails to identify a single retaliatory act in which Ms. Poole is alleged to have participated.  Plaintiff's bare, conclusory allegations fail to state a claim of retaliation against this defendant.  See Holloway v. Hornsby, 23 F.3d 944, 945 (5th Cir. 1994).  Plaintiff's retaliation claim against Ms. Poole is dimissed.

**B.     Eighth Amendment claims.**

Plaintiff alleges that Officer Hill violated his right to be free from cruel and unusual punishment when he repeatedly harassed and threatened him for not being a good snitch.  He also claims that Major Wallace, Warden Castillo, and Warden Stephens violated his Eighth Amendment rights when they failed to protect him from Officer Hill's abuse.

The Constitution does not mandate comfortable prisons; however, the conditions of confinement "must not involve the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); accord Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (discussing Rhodes).  The Supreme Court has held that an inmate must satisfy two requirements to

demonstrate that an official has violated the Eighth Amendment. First, the deprivation alleged must be objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, a prison official must have a sufficiently culpable state of mind. Id. In prison condition cases, that state of mind is one of deliberate indifference to inmate health or safety. Id.; see also Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (discussing Farmer). To act with deliberate indifference, a prison official must both know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The Fifth Circuit has found that an inmate stated an Eighth Amendment claim by alleging that a prison guard knew that he had a medical condition and a medical restriction, but required him to work in excess of that restriction. Calhoun v. Hargrove, 312 F.3d 730, 734-35 (5th Cir. 2002).

### 1. *Officer Hill.*

Plaintiff claims that Officer Hill subjected him to physical and mental abuse to coerce him to work as an informant. He asserts that on December 3, 2003, Officer Hill forced him to bend over, against his medical restrictions, until he fell onto his knees. When plaintiff began experiencing chest pains, Officer Hill refused his request to take his medication. He also complains that he was housed in a solitary cell on the second floor, requiring him to walk up and down stairs against his medical restrictions. He further alleges that, while locked in solitary, Officer Hill would come to his cell and abuse him verbally and threaten him physically. These repeated instances of abuse, especially in the context of plaintiff's heart disease and hypertension, suggest that Officer Hill attempted to use plaintiff's poor health to coerce him to act as an

informant, and that plaintiff suffered physical pain and mental duress. Assuming plaintiff's testimony as true, he has alleged sufficient facts to state a claim of deliberate indifference against Officer Hill to pass § 1915A screening. Plaintiff's Eighth Amendment claim against Officer Hill is retained on the Court's docket.

### 2.   *Warden Stephens and Warden Castillo.*

Plaintiff claims that Warden Castillo and Warden Stephens were aware of Officer Hill's bullying of plaintiff, but did nothing to help him.

Excessive or unprovoked violence and brutality inflicted by prison guards upon inmates violates the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). A prison official may be held liable under the Eighth Amendment for failure to protect only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. at 847. There is no Eighth Amendment liability for a prison official's failure to protect an inmate if the official responded reasonably to the risk to inmate health or safety, even if the harm ultimately was not averted. Johnson v. Johnson, 385 F.3d 503, 513 (5th Cir. 2004).

Plaintiff alleges that Warden Stephens and Warden Castillo, as the individuals ultimately in charge of the McConnell unit's operations, should have known of Officer Hill's conduct and should be held liable for his tormenting of plaintiff.

It is well settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County Sch. Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, 694 (1978)). As the Fifth Circuit has established "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause

constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). A policy can be either one that is officially adopted, or a "persistent, widespread practice" that is so common, it constitutes a policy. Burge v. St. Tammany Parish, 336 F.3d 363, 369 (5th Cir. 2003) (quoting Bennett v. City of Slidell, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam)). "A claim of a violation of section 1983 pursuant to . . . a persistent, widespread practice . . . may in an appropriate case also encompass allegations that a policymaker failed to act affirmatively, including a failure adequately to train a subordinate." Id.

Plaintiff fails to establish that either Warden Stephens or Warden Castillo were aware of his complaints against Officer Hill. Although he did file grievances appealing his disciplinary cases, he admitted at the Spears hearing that he never filed a grievance specifically complaining about Officer Hill. Moreover, plaintiff testified that Warden Castillo referred his complaints to Warden Kennedy. The Fifth Circuit recently held in a failure to protect case that:

> . . . given the size of the operation that they oversee, [supervisory officials] cannot be expected to intervene personally in response to every inmate letter they receive. The record in this case shows that they responded to [the plaintiff's] complaints by referring the matter for further investigation or taking similar administrative steps. This was a reasonable discharge of their duty to protect the inmates in their care.

Johnson, 385 F.3d at 526.

Here, plaintiff does not state any facts to suggest that either warden was personally involved in the failure to protect him, or that it was unreasonable for the wardens to delegate plaintiff's complaints to the officers on the pod. Significantly, he testified that Warden Stephens eventually had Officer Hill removed from plaintiff's floor. Accordingly, his failure to protect claims against Warden Stephens and Warden Castillo are dismissed.

### 3. *Major Wallace.*

Plaintiff asserts failure to protect claims against Major Wallace. Unlike the wardens, Major Wallace was Officer Hill's immediate supervisor, and plaintiff testified that he complained to Major Wallace repeatedly about Officer Hill's conduct and the adverse affect it was having on his health. Therefore, he has alleged sufficient facts to state a failure to protect claim against Major Wallace to survive § 1915A screening.

**C.    Due process claims.**

Plaintiff complains of loss of privileges and placement in solitary confinement without a hearing; however, he specifically states that he is not seeking damages for these deprivations, but only offers them as examples of the abuse he suffered at the hands of Officer Hill. To the extent plaintiff was attempting to raise a due process claim concerning his placement in solitary confinement and the loss of privileges, these allegations fail to raise a constitutional issue because an inmate has no protected liberty interest in his minimum custody status or other privileges. Sandin v. Conner, 515 U.S. 472, 483 (1995) (due process protections do not attach to mere changes in a prisoner's conditions of confinement, but only to atypical and significant hardships that impinge on the duration of the confinement).

Furthermore, following the Spears hearing, defendants offered portions of plaintiff's classification records which suggest that he was placed in solitary confinement based on his filing a life in danger complaint. To the extent plaintiff was raising due process claims, they are dismissed.

## IV. **CONCLUSION**

Plaintiff has stated claims of retaliation and deliberate indifference against Officer Howard Hill and the Court retains those claims on its docket. Plaintiff has also stated a failure to protect claim against Major Darren Wallace, and that claim is retained on the Court's docket; however, plaintiff's retaliation claim against Major Wallace is dismissed. Plaintiff has failed to state a claim of retaliation or failure to protect against Warden William Stephens, Captain Rene Maldonado, Warden Alfonso Castillo, and Susan Poole, and those claims are dismissed with prejudice and these defendants dismissed from this lawsuit. Defendants' motion for judgment on the pleadings on plaintiff's retaliation claims, (D.E. 34), is granted as to Major Wallace, Warden Stephens, Captain Maldonado, Warden Castillo, and Ms. Poole, and is denied as to Officer Hill.

ORDERED this 16th day of November 2005.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE