IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID | § | |
|     TDCJ-CID #648558 | § | |
| v. | § | C.A. NO. C-04-673 |
| | § | |
| HOWARD HILL, ET AL. | § | |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE
<u>REMEDIES AND FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently incarcerated at the Michael Unit in Tennessee Colony, Texas. He filed this lawsuit on December 20, 2004, alleging that defendant Howard Hill, a correctional officer at the McConnell Unit in Beeville, Texas, systematically harassed and threatened him because he refused to act as a "snitch" in an undercover sting operation to out prison employees involved in illegal tobacco and drug trafficking. (D.E. 1). Plaintiff also sued Captain Darren Wallace alleging that he failed to protect him from Officer Hill's alleged abuse. <u>Id.</u>

Captain Wallace moves to dismiss plaintiff's claims against him on the grounds that plaintiff failed to complain about him in any Step 1 grievance or Step 2 appeal such that he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. (D.E. 60). Officer Hill moves to dismiss certain of plaintiff's claims against him for failure to exhaust. (D.E. 62). Both defendants move for partial judgment on the pleadings to dismiss plaintiff's claims against them in their official capacities for monetary damages. (D.E. 61). Plaintiff has filed a response to defendants' motions. (D.E. 79). For the reasons stated herein, defendant Captain Wallace's motion to dismiss for failure to exhaust is granted, as is defendants' motion for partial judgment

on the pleadings. Defendant Hill's motion to dismiss certain claims is granted in part, and this case shall proceed to trial on the claims detailed herein.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the parties, (D.E. 43, 46), the case was referred to the undersigned (D.E. 47), to conduct all further proceedings, including entry of final judgment. 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

Plaintiff claims that on December 3, 2003, Officer Hill came to his cell and requested that he work as a prison informant in an ongoing investigation of illicit prison activities, including drug and tobacco trafficking, involving both inmates and staff. Officer Hill knew that plaintiff had worked as an informant in the past, and that his information had been helpful in other operations. Plaintiff told Officer Hill that he was not interested in working as an informant. In response, Officer Hill ordered a strip search of plaintiff, and forced him to kneel and bend, against his medical restrictions. He advised Officer Hill that he could not bend, but Officer Hill threatened him. He attempted to bend as ordered, but fell to the ground on his knees. Officer Hill cursed plaintiff, and then ordered him to remove all items from his cell locker. He got his property, and then began experiencing chest pains. Plaintiff asked that he be allowed to take his prescribed Nitroglycerin medication for his heart, but Officer Hill refused, and then told plaintiff to "get your ass to Building #1." After Officer Hill walked away, plaintiff took his medication. Plaintiff's chest pain continued, so he took two more Nitroglycerin pills.

After lying on his bunk for a short time, plaintiff went to Building #1 as instructed. There, Officer Hill again told plaintiff that he wanted him to be his informant. He instructed plaintiff to report to Ms. Poole with the Office of the Inspector General and told him that he better "make her happy." Because of Officer Hill's threats, plaintiff agreed to be an informant. He gave Officer Hill and Ms. Poole several names of gang members and the names and addresses of "outside" persons trafficking drugs into the prison. Plaintiff did not file a Step 1 grievance concerning the December 3 incident. See (D.E. 1) (attached exhibits); (D.E. 79).

On February 3, 2004, Officer Hill told plaintiff that he was failing "to give up staff," and that he intended to place him in lock-up. On that same day, he and Ms. Poole moved plaintiff to 11 Building and placed him first, in cell #1, a transient cell, and then in cell #9, a solitary cell located on the second floor. Plaintiff remained in the solitary cell for 55 days without a disciplinary hearing "under the guise of transient status." He did not file a grievance concerning his placement in solitary for 55 days.

On March 18, 2004, Officer Hill wrote plaintiff a disciplinary case for possession of contraband (tobacco), that was allegedly found secreted in plaintiff's toilet. Plaintiff claims that Officer Hill planted the tobacco in his cell, and Officer Ortega (not a defendant), testified that the contraband could not have been plaintiff's because, prior to Officer Hill finding the tobacco, he had flushed plaintiff's toilet and then escorted plaintiff out of the cell. Despite Officer Ortega's testimony, plaintiff was found guilty. He filed a Step 1 grievance appealing the decision, Grievance No. 2004129169, and also alleging that his life was in danger due to the actions of Officer Hill. See (D.E. 62, Ex. B, at 7-8). In particular, he complained that, since his arrival at the McConnell Unit, Officer Hill had attempted to "set him up" or otherwise place him in harm's

way. Id. Plaintiff stated that he had complained to Captain Wallace, but had been told to write a statement. Id. On April 13, 2004, his Step 1 grievance was denied. Id. Plaintiff filed a Step 2 appeal, which was also denied. Id. at 9-10.

Plaintiff was again charged by Officer Hill of having loose marijuana in his toilet, and on March 30, 2004, he was found guilty. He filed a Step 1 grievance, Grievance No. 2004139060. On April 23, 2004, Warden Kennedy granted plaintiff's appeal and reversed the disciplinary conviction. See (D.E. 79, at 28-29, 31).

On March 26, 2004, plaintiff was found guilty on the charge of possession of one marijuana cigarette. He filed a Step 1 grievance, Grievance No. 2004136993, arguing that he had *found* the marijuana in his cell after Officer Hill had been in it, and claiming that he had brought it to Captain Wallace to dispose of it. See (D.E. 62, Ex. B at 3-4). On April 19, 2004, Warden Castillo denied plaintiff's Step 1 grievance. Id. at 4. On May 18, 2004, his Step 2 grievance was denied. Id. at 6.

On March 30, 2004, Officer Hill wrote plaintiff a disciplinary case for attempting to extort $3,650 from a visitor, Ronald Dice. At that time, he also "froze" plaintiff's inmate trust fund account. A hearing was held on April 5, 2004, at which plaintiff was found guilty. He filed a Step 1 grievance, Grievance No. 2004129169, asking that the reviewing officer consider Mr. Dice's affidavit in which he denied that plaintiff had attempted to extort money from him. (D.E. 62, Ex. B at 11-12). On May 18, 2005, Warden Castillo denied plaintiff's Step 1 grievance. Id. Plaintiff filed a Step 2 appeal and included a letter from Ms. Poole stating that she had in her possession a letter from Mr. Dice stating that plaintiff had not extorted money and she

4

apologized that it was not available for his disciplinary hearing. See (D.E. 62, Ex. B at 13-14 and D.E. 1, Ex. E). On June 14, 2004, plaintiff's Step 2 appeal was denied. Id.

On May 7, 2004, plaintiff filed a Step 1 grievance against Officer Hill claiming that he was confiscating both his incoming and outgoing mail, Grievance No. 2004161726. (D.E. 62, Ex. B, at 15-16). In a response dated June 15, 2004, Warden Castillo stated that an investigation found no evidence to support plaintiff's allegations against Officer Hill. Id. at 16. Plaintiff filed a Step 2 appeal on June 21, 2004. Id. at 17-18. By response dated July 30, 2004, Martha Wear, Region IV Assistant Director, stated that the letters were confiscated in connection with the investigation concerning the extortion claim concerning Mr. Dice, and that plaintiff's mail had since been returned to him. Id. at 18.

On October 4, 2004, plaintiff filed a grievance complaining that, from August 1, 2003 through February 3, 2004, Officer Hill forced him to be housed on 2-row, such that he had to climb stairs, and be assigned to a top bunk, both in violation of his medical restrictions. See (D.E. 1, Ex. H). The grievance was returned unprocessed with the notation "grievable time period has expired." Id.

### III. DISCUSSION

**A.    Failure to Exhaust Administrative Remedies**

Regarding the exhaustion of administrative remedies, the Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

28 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The Texas Department of Criminal Justice ("TDCJ") currently provides a two-step procedure for presenting administrative grievances. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (citing to TDCJ Administrative Directive No. AD-03.82 (rev. 1), Policy, ¶ IV (Jan. 31, 1997)). After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Id. Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Institutional Division of the TDCJ. Id. After an investigation, the departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director or assistant director. Id.

The grievance procedure takes approximately ninety days to exhaust. Wendell, 162 F.3d at 891. Prisoners are allowed fifteen calender days to file a Step 1 grievance. Id. (citing TDCJ Admin. Directive No. AD-03.82 (rev. 1), Policy ¶ VI (Jan. 31, 1997)). The response to the Step 1 grievance is due within forty days after receipt of the grievance. Id. The prisoner then has ten days to submit an appeal. Id. The response to the Step 2 grievance is due within forty days after receipt of the prisoner's appeal. Id. The TDCJ Inmate Grievance System provides that, if an

inmate does not receive a written decision within 180 days after the grievance is filed, he may proceed with his other state or federal court remedies.  Tex. Gov't Code § 501.008(d)(2).

**1.      Captain Wallace.**

Captain Wallace moves to dismiss for failure to exhaust administrative remedies, pointing out that plaintiff did not raise in his Step 1 or Step 2 grievances his failure to protect claim against him.  The evidence supports this conclusion.

There is no dispute that plaintiff filed properly the following grievances:

(1)     Grievance No. 2004129169, Step 1 and Step 2, alleging Officer Hill planted tobacco in toilet;

(2)     Grievance No. 2004139060, Step 1, alleging Officer Hill planted tobacco in toilet, and resulting in plaintiff's disciplinary conviction being overturned;

(3)     Grievance No. 2004136993, Step 1 and Step 2, alleging that Officer Hill planted a marijuana cigarette in his cell;

(4)     Grievance No. 2004147942, Step 1 and Step 2, alleging that Officer Hill charged plaintiff with extortion; and

(5)     Grievance No. 2004161726, Step 1 and Step 2, alleging that Officer Hill confiscated plaintiff's incoming and outgoing mail.

Plaintiff also filed a grievance complaining about being forced to climb stairs and his bunk assignment, but it was not processed and returned as untimely.

There is nothing in any of the five properly filed grievances that serve to put prison officials on notice that plaintiff is making a claim against Captain Wallace for failing to protect him from Officer Hill.  He argues that in Grievance No. 2004129169, he noted: "Emergency: Life-in-Dangerment" [sic], and that Captain Wallace's response, along with other officials, was

to "write a statement." However, the substance of that grievance was plaintiff's allegation that Officer Hill had planted tobacco in his cell, and he requested that he never be alone with Officer Hill without supervision. He did not file a grievance stating that he sought protection from Officer Hill and that Captain Wallace specifically denied it or ignored his request. There is no indication that plaintiff appeared before a Unit Classification Committee or sought protective housing, or in any other manner sought some type of protective care that Captain Wallace was aware of and then ignored or denied. He simply did not complain about Captain Wallace via the administrative grievance procedure, and as such, he failed to notify Captain Wallace or any prison official that he believed he had a failure to protect claim against Captain Wallace.

The purpose of the exhaustion requirement is to alert prison officials of problems so that the prison has a chance to address the claims before they reach federal court. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). As acknowledged by the Supreme Court, Congress intended the administrative process to "filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding." Booth, 532 U.S. at 737.

Although the Fifth Circuit has taken a "strict approach" to the exhaustion requirement, it "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam) (quoting Wendell, 162 F.3d at 890)). For example, the exhaustion requirement may be excused when administrative remedies are not "personally available." Id. at 867. Unavailability can occur when physical injury prevents its use, see id., or when prison officials ignore or interfere with the prisoner's pursuit of relief. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam). Plaintiff does not assert

that the grievance process was unavailable to him, and the fact that he has filed Step 1 and Step 2 grievances against Officer Hill is evidence to the contrary.  He has failed to file administrative grievances against Captain Wallace, and as such, he has failed to exhaust his available administrative remedies against this defendant.  Accordingly, Captain Wallace's motion to dismiss for failure to exhaust, (D.E. 60), is GRANTED, and plaintiff's claims against Captain Wallace are dismissed.

      **2.**      **Officer Hill.**

In his original complaint, plaintiff claims Officer Hill subjected him to physical and mental abuse to coerce him to work as an informant.  He complained that he was housed in a solitary cell on the second floor, requiring him to walk up and down stairs against his medical restrictions.  He claims that on December 3, 2003, Officer Hill forced him to bend over, against his medical restrictions, until he fell onto his knees.  When plaintiff began experiencing chest pains, Officer Hill refused plaintiff's request to take his medication.  He also claims that, while locked in solitary, Officer Hill would come to his cell and abuse him verbally and threaten him physically.  Plaintiff asserts that Officer Hill's repeated instances of abuse, especially in the context of his heart disease and hypertension, were an attempt to use his poor health to coerce him to act as an informant, causing him to suffer physical pain and mental duress.

Although plaintiff has repeatedly complained of Officer Hill in his grievances and attributed Officer Hill's conduct to his refusal to act as an informant, he did not specifically file a grievance concerning the December 3 incident, or the 55 days in solitary confinement.  Although he did file a grievance complaining that he was forced to live on the second floor contrary to his medical restrictions, that grievance was never processed and was returned as untimely.  The Fifth

Circuit has held that "an untimely grievance in and of itself ... [does not] render the system unavailable, thus excusing the exhaustion requirement. Such a holding would allow inmates to file suit in federal court despite intentionally evading the PLRA's exhaustion requirement by failing to comply with the prison grievance system." Days, 322 F.3d at 867. Thus, plaintiff has not exhausted his administrative remedies as to his claims against Officer Hill concerning the events of December 3, 2004, the 55 days in solitary confinement, and being forced to climb up stairs in violation of his medical restrictions. Accordingly, Officer Hill's motion to dismiss, (D.E. 62), is GRANTED in part, and those claims are dismissed for failure to exhaust administrative remedies.

The evidence is undisputed, however, that plaintiff has exhausted his claims against Officer Hill concerning plaintiff's allegations that Officer Hill planted a marijuana cigarette in his cell, twice planted tobacco in his toilet, wrote plaintiff a disciplinary case for extortion, and confiscated his mail, all in an attempt to intimidate him to act as a snitch or to punish him for not doing so. These claims shall proceed to trial.

**B.     Motion for judgment on the pleadings.**

Plaintiff is seeking monetary and punitive damages, in an unspecified amount, as well as injunctive and declaratory relief. Defendants Wallace and Hill both move for judgment on the pleadings to the extent plaintiff is seeking damages against them in their official capacities.

A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Eleventh Amendment bars a suit for money damages against a state or state agency. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54-55 (1996). A judgment may not be entered against a state

officer in his official capacity for violating federal law in the past, although prospective relief may be granted. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, (1993).

To the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Thus, defendants' motion for judgment on the pleadings to dismiss plaintiff's claims against them for money damages in their official capacities, (D.E. 61), is GRANTED, and those claims are dismissed with prejudice. Plaintiff's claims for injunctive relief and declaratory judgment against Officer Hill in his official capacity may proceed to trial.

## IV. CONCLUSION

Plaintiff failed to file administrative grievances raising his failure to protect claims against Captain Wallace such that he failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). Accordingly, Captain Wallace's motion to dismiss for failure to exhaust, (D.E. 60), is GRANTED. Plaintiff failed to exhaust his claims against Officer Hill concerning the incidents of December 3, 2003, the 55 days in solitary confinement, the climbing and medical restrictions, and Officer Hill's motion to dismiss, (D.E. 62), is GRANTED as to those claims. Plaintiff has successfully exhausted the remainder of his claims as detailed herein, and they shall proceed to trial. Plaintiff's claims against defendants in their official capacities for monetary damages are dismissed with prejudice as barred by the Eleventh Amendment, and defendants' motion for

judgment on the pleadings, (D.E. 61), is GRANTED.

ORDERED this 1st day of May 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE